IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT POWELL,

    Plaintiff,                            No. 2:09-cv-01857 KJM KJN (TEMP)

    vs.

UNION PACIFIC RAILROAD
COMPANY, et al.,

    Defendants.                       <u>ORDER</u>

        Defendant's motion to compel independent medical examination of plaintiff came on regularly for hearing February 24, 2011. Larry Lockshin appeared telephonically for plaintiff. Julia Gahagan appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendant moves to compel an examination of plaintiff under Federal Rule of Civil Procedure 35 by Dr. Steven Feinberg, a physiatrist, who is located in Palo Alto. Federal Rule of Civil Procedure of Civil Procedure 35 provides in relevant part:

> The court . . . may order a party whose . . . physical condition . . . is in controversy to submit to a physical . . . examination by a suitably licensed or certified examiner . . . for good cause shown.

1

      Prior to the filing of the instant litigation, plaintiff was examined by Dr. Gary Alegre, an orthopedic surgeon, and by Dr. Alicia Abels, a physiatrist. These two physicians are located in Sacramento, which is the venue of the present action. Although these prior examinations were not conducted under the auspices of Federal Rule of Civil Procedure 35, it is apparent that evidence from these examinations will be presented at trial. See generally Riensch v. Union Pacific R. Co., 12 F.Supp.2d 1136 (1998) (work related physical examinations bear on issues relevant to FELA action and could generate facts or medical opinions that could be used as evidence against plaintiff). However, the court finds further examination of plaintiff is warranted in light of the two level lumbar fusion plaintiff underwent in April, 2010 and the passage of time since those examinations.

      Plaintiff does not contest further examination is warranted but contends such examination should be conducted by Dr. Abels. This contention is well taken.

      Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (dkt. no. 38) is granted in part. Plaintiff shall submit to an independent medical exam by Dr. Alicia Abels. Defense counsel shall personally contact Dr. Abels regarding an appointment to conduct an independent medical exam.

      Only in the event that Dr. Abels is not available to conduct such an examination during the time allowed for discovery under the amended scheduling order, plaintiff shall submit to examination by Dr. Steven Feinberg. If this alternative avenue for examination is utilized by defendant, Dr. Abels shall be precluded from testifying at trial and Dr. Feinberg may not rely on opinions formulated by Dr. Abels. Defendants shall pay the costs of plaintiff and his counsel attending the examination in Palo Alto.

DATED: February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

powell-uprc.kjn.oah